IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Felicia McDuffie, ) | |
| ) | C.A. No. 1:10-00455-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Meade Trucking Company, Inc., Brian ) | |
| Tudor Harris, Jr. & Jeree L. Shiggs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## BACKGROUND

Plaintiff Felicia McDuffie ("McDuffie") filed the within action in the Court of Common Pleas for the County of Allendale, South Carolina on December 22, 2009 against Defendants Meade Trucking Company, Inc. ("Meade"), Brian Tudor Harris, Jr. ("Harris"), and Jeree L. Shiggs ("Shiggs"). Plaintiff seeks to recover damages for alleged personal injuries arising out of a vehicular accident. Meade and Harris removed this case on February 25, 2010 based upon diversity jurisdiction and a theory of fraudulent joinder.

This matter is before the court on McDuffie's motion to remand, which was filed on March 23, 2010. On March 29, 2010, Shiggs also filed a motion to remand the case and joined in McDuffie's motion. On April 1, 2010, the court entered an order staying the case pending resolution of Plaintiff's motion to remand and granting Meade and Harris leave to take Shiggs's deposition for the purposes of discovering information on the jurisdictional issue. On April 6, 2010, McDuffie filed a motion requesting that the court reconsider its order granting Meade and Harris leave to take Shiggs's deposition. On April 9, 2010, Meade and Harris responded to both motions to remand. That same day, Meade and Harris sought leave to take the deposition of McDuffie and to file

additional responses to the motions to remand subsequent to discovery. On April 14, 2010, McDuffie filed her reply in reference to both motions to remand. On April 15, 2010, McDuffie responded to Meade and Harris's motion to take the McDuffie's deposition. On April 16, 2010, Meade and Harris filed additional responses to both motions to remand. On April 22, 2010, Meade and Harris responded to McDuffie's Motion for Reconsideration. On April 29, 2010, the court heard argument on the discovery issue with respect to the motion to remand. At the hearing, the court granted McDuffie's Motion for Reconsideration and Motion to Remand.

## **FACTS**

In her complaint, McDuffie alleges that she and Shiggs are residents of South Carolina. Compl. ¶¶ 1, 4. McDuffie alleges that Meade is a Virginia corporation and that Harris is a resident of a state other than South Carolina. Compl. ¶¶ 2, 3. Meade and Harris contend that Shiggs was fraudulently joined in this case for the purpose of destroying diversity. Meade and Harris further contend that a covenant not to execute or other agreement between McDuffie and Shiggs may exist, indicating that Shiggs will not be subject to liability in this case. Meade and Harris's basis for asserting that there may be a covenant not to execute in this case is that McDuffie's counsel formerly represented Shiggs in this case. McDuffie has filed with the court an affidavit in which she affirms that she and Shiggs did not enter into a covenant not to execute or any other settlement agreement. McDuffie has also filed with the court a waiver signed by Shiggs waiving any conflict of interest based upon McDuffie's counsel's former representation of Shiggs and continued representation of McDuffie.

**DISCUSSION**

The issue before the court at the hearing was whether the court should reconsider granting Defendants leave to depose Shiggs based on McDuffie's argument that discovery was not necessary for the court to resolve the issue of fraudulent joinder in light of McDuffie's affidavit. To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)). "The party alleging fraudulent joinder bears a heavy burden-it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* In determining whether attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003-04 (4th Cir. 1990).

The court, having considered the entire record, concludes that Meade and Harris cannot meet this heavy burden. The court must resolve all issues of fact in the plaintiff's favor at this stage of the proceedings. Plaintiff has shown by affidavit that no settlement agreement exists and there was no covenant. Therefore, Meade and Harris cannot successfully oppose remand and diversity of jurisdiction does not exist. Plaintiff's motion to remand is granted.

**CONCLUSION**

McDuffie and Shiggs's motions to remand (Entries 16 and 18) are **granted**. Meade and Harris's outstanding Motion for Leave to File Supplemental Responses to Plaintiff's and Defendant

Shigg's Motion to Remand (Entry 23) is **denied** as moot. Meade and Harris's Motion to Take the Deposition of Felicia McDuffie and for Relief from Stay (Entry 24) is also **denied** as moot.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              The Honorable Margaret B. Seymour
                                              District Court Judge

Columbia, South Carolina
May 7, 2010